McMeekin & Clark and Ira W. Anderson, Appellants, v. S. H. Worcester.

Common Law and Mechanics' Liens: WAIVER. One who takes window sashes into his possession for the purpose of furnishing glass for them and during the glazing thereon, has a common law lien upon the sashes for such work so long as they remain in his possession, and he does not waive same by seeking and failing to establish a mechanic's lien against the building in which the sashes are used.

Practice: CLOSE OF CASE: *Discretion.* In a replevin suit it was not an abuse of discretion for the court to overrule objections by the surety on the replevin bond, filed three weeks after the evidence was closed and the case submitted, to the entry of judgment against him, on the ground that he had been released from liability by the act of the parties.

*Appeal from Polk District Court.*—HON. C. P. HOLMES,
Judge.

FRIDAY, OCTOBER 16, 1896.

PLAINTIFFS McMeekin & Clark made a contract with
the defendant, under which plaintiff supplied defend-
ant with certain window sash, and said defendant
was to furnish the glass for said sash, and to do the
glazing thereon.   When the work was about two-
thirds done, plaintiffs required the defendant to
deliver such sash as were then finished to the Sani-
tarium building at Des Moines, Iowa, in which build-
ing they were to be used.   Defendant refused to do so
unless he was paid, or payment secured, for his work
done and material furnished.   Plaintiffs, for some
time, failed to pay or to furnish the security as required.
Meantime, the defendant continued the work of glaz-
ing.   Later on, plaintiffs again urged the delivery of
the sash, and defendant offered to make the delivery,
but said that, unless paid or secured for his work and
material, he would bring the sash back to his shop.
Without such payment or security, and after the
work on the sash had been nearly completed,
plaintiffs began this suit to replevin the sash.   When
the sheriff went to the defendant's place of business
with the writ of replevin, he informed the defendant
that he had the writ, and demanded that the defendant
deliver the sash at the Sanitarium.   On being assured
by the officer that the plaintiffs had filed a proper bond,
defendant agreed to and did make such delivery of the
sash under the sheriff's orders.   Some time thereafter,
defendant filed a claim for a mechanic's lien against
said building in which the sash were used.   Still
later, defendant intervened in a suit brought by other
parties against the Sanitarium Company, and sought
to have his lien established.   The court in that action

gave a personal judgment in favor of the defendant, and against McMeekin & Clark, plaintiffs herein, for three hundred and seventeen dollars and forty-four cents, but held that defendant herein was not entitled to a mechanic's lien because the contractor under whom he claimed was not entitled to a lien. An execution issued upon defendant's judgment, and the Sanitarium Company and Ira W. Anderson were garnished. By a written agreement entered into by all of the parties, said garnishees were released upon delivery to the district court of certain stock of the Sanitarium Company which was sought to be reached by the process, but nothing was realized from said stock. On the trial of the replevin case a judgment was entered against the plaintiffs, McMeekin & Clark and Ira W. Anderson, their surety on the replevin bond, for the amount claimed by defendant, and it was provided that a payment of said judgment should operate as a satisfaction of the judgment rendered in the other suit in favor of this defendant. Plaintiffs appeal.—*Affirmed.*

*Ira W. Anderson* and *E. T. Morris* for appellants.

*Wishard & Cole* for appellee.

Kinne, J.—I.   It is said that the appellee waived his claim to a common law lien on the sash by claiming a mechanic's lien for the same debt, and it is insisted that the two claims are inconsistent. Some claim is also made that appellee never was entitled to a common law lien.  As to this, it may be said there can be no doubt that Worcester, as a bailee for hire, who, by his labor and skill, imparted additional value to the property intrusted to him, was entitled to a lien upon the sash so long as the same remained in his possession. *Nevan v. Roup,* 8 Iowa,

211; *McDonald v. Bennett*, 45 Iowa, 457; *Manufacturing Co. v. Day*, 50 Iowa, 252. When the sash were taken from the appellee by the writ of replevin, he lost possession. The question in an action of replevin is, who was entitled to the possession of the property taken on the writ at the time it was so taken? There can be no doubt in this case, that when the sheriff took the sash Worcester had a lien thereon. As he did not part with possession voluntarily, he waived no right which he then had. The law required a bond to be filed. It was filed, and such bond was available as to Worcester in place of the security afforded by his lien and his retention of the goods. As he had a valid lien upon the sash when they were taken from him, he had a right to retain the possession of the sash until he was paid. Hence the taking of the sash by virtue of the writ of replevin was wrongful, as the plaintiffs were not entitled to them until they had paid Worcester's claim. It follows that a judgment was properly entered against the plaintiffs and the surety on the bond for the value of the defendant's interest in the property at the time of the taking. It is of no consequence that, long after the defendant's right to a lien was gone, by reason of the fact that the property was taken from him on the writ, he undertook to establish a mechanic's lien against the building in which the sash were used. He was not then claiming a common law lien. We see no inconsistency in defendant's claims.

II. Some three weeks after the evidence in this case had closed, and the arguments had been made, and the case finally submitted, appellant Anderson, the surety on the replevin bond, filed objections to the entry of a judgment against him, claiming he had been released from liability by the act of the parties. His objections were overruled, and this action of the court is assigned as error.

Anderson was a party to the action from the beginning, and had ample opportunity, when the case was tried, to have introduced any proper testimony he may have had, and to have interposed any defense which he had. We have repeatedly held, that receiving additional evidence after a cause has been submitted, is a matter within the sound discretion of the trial court. There was no abuse of discretion in this instance. We have discussed all of the questions argued by counsel, and discover no error. The judgment is therefore AFFIRMED.