WARNER ELEVATOR MANUFACTURING CO. *v.* CAPITOL INVESTMENT, BUILDING & LOAN ASS'N.

1. CONDITIONAL SALE — MECHANIC'S LIEN — CONCURRENT SECURITIES.

The retention of title on a sale of chattels until payment of the purchase price is not inconsistent with the right of the seller to a mechanic's lien against the property to which the chattels are attached.

**2. Same—Election of Remedies—Waiver.**

Nor is there such an inconsistency between the remedies of the seller under his respective liens that, by an unsuccessful attempt to enforce a mechanic's lien, he waives the right to claim title under the reservation.

Case made from Ingham; Wiest, J. Submitted April 5, 1901. Decided July 2, 1901.

Trover by the Warner Elevator Manufacturing Company against the Capitol Investment, Building & Loan Association. There was a judgment for defendant, and plaintiff assigns error. Reversed.

*Smedley & Corwin*, for appellant.

*Cahill & Wood*, for appellee:

Cited, in support of the claim that plaintiff waived its lien under the contract, *Thompson* v. *Howard*, 31 Mich. 309; *Nield* v. *Burton*, 49 Mich. 53 (12 N. W. 906); *Button* v. *Trader*, 75 Mich. 295 (42 N. W. 834); *Thomas* v. *Watt*, 104 Mich. 201 (62 N. W. 345); *Cooper* v. *Smith*, 109 Mich. 458 (67 N. W. 516).

Hooker, J. The plaintiff sold an elevator and attachments to the Imperial Hotel Company, of Petoskey, and erected it in its hotel, under a written contract reserving title to the machinery sold in the plaintiff, with the right to remove it in case of a failure on the part of the hotel company to pay for it. The contract was made June 13, 1895, and it was shipped eight days later. On July 6, 1895, the hotel company borrowed $15,000 from the defendant, giving a mortgage upon the hotel by way of security, which was recorded July 9, 1895. The erection of the elevator was completed on July 31, 1895. Payment not being made according to the terms of the contract, a statement of lien was filed on August 30, 1895, and on February 24, 1896, a bill of complaint was filed to enforce the lien. A copy of the contract was attached to the bill of complaint, and *lis pendens* was filed; but the proceedings were discontinued before this action was com-

menced, though after defendant had acquired title to the premises. Defendant did not foreclose its mortgage, but on January 26, 1898, took a quitclaim deed of the premises from the hotel company. Subsequently the plaintiff made demand upon the defendant for the elevator, and, possession being refused by it, this action of trover was commenced to recover its value. The cause was tried before the court without a jury, and findings of fact and law were filed. The court held that the proceeding to enforce the lien was inconsistent with the claim of title, and that, having elected to file and attempt to enforce a lien, the right to claim title was waived; and the only question before us is whether the court erred in so holding and rendering judgment for the defendant.

The gist of the defendant's contention is that a mechanic's lien can only exist where work or materials have become a part of the realty. It is said that this is not so when the title to personal property is reserved in the vendor; that in such a case the personal property does not, in law, become a part of the realty, although affixed to it. The reason given is that the theory upon which the justice of the lien is sustained is that the labor and materials furnished by the lienor have enhanced the value of the land. If this is true, and by setting up a claim under the statute the vendor has admitted that the materials have become a part of the realty and cannot be separated from it, is the converse true, viz., that, until such admission is thus made, they had not become a part of the realty, and there was no right of lien, because title was reserved? That would seem to be a corollary of the former proposition. If so, the statutory lien could not co-exist with a reserved title, and the case would be within the rule of *McLaughlin* v. *Austin*, 104 Mich. 489 (62 N. W. 719), and *Sullivan* v. *Ross' Estate*, 113 Mich. 319 (76 N. W. 310). But the authorities forbid the assumption that a reservation of title is inconsistent with the existence of a statutory lien, holding that there may be cumulative remedies, and consequently that absolute inseparability is not a condition

to the existence of the statutory lien. Phil. Mech. Liens, § 9, states that the lien is a cumulative remedy provided by statute, and an incidental accompaniment to the contract, which may be pursued in connection with ordinary remedies. *Case Manfg. Co.* v. *Smith*, 40 Fed. 340 ( 5 L. R. A. 231 ), was a case where one reserving title set up a statutory lien. It was held that the retention of the title was in the nature of a specific lien upon the identical machinery furnished, and not inconsistent with the statutory lien. See, also, *Clark* v. *Moore*, 64 Ill. 273; *Chicago & Alton R. Co.* v. *Union Rolling-Mill Co.*, 109 U. S. 719 ( 3 Sup. Ct. 594 ).

Defendant contends that, admitting the fact that there may be cumulative liens, an election to enforce one of them waives the other, because it would be inconsistent with a claim of the right to enforce the other. It must be admitted that one who should sell the premises under a mechanic's lien would lose the right to claim the material placed thereon under a reservation of title, and it may be that one who should take away the material under such a reservation might not be permitted to make up a deficiency by proceedings against the real estate under the statutory lien. However this may be ( and we intimate no opinion), it does not follow that, in all cases where a futile effort to collect the claim is made, the creditor is thereafter limited to the remedy first sought to be applied. Thus, in *Fuller* v. *Byrne*, 102 Mich. 461 ( 60 N. W. 980 ), where a judgment was taken for the purchase price of a piano, it was held that the effort to collect the debt by execution against the piano did not preclude the judgment creditor from setting up and relying upon his title to the piano. It is not an answer to say that the contract in that case clearly shows the intention. The remedies would be no less inconsistent on that account. The case of *Kirkwood* v. *Hoxie*, 95 Mich. 66 ( 54 N. W. 720, 35 Am. St. Rep. 549 ), holds that something more than the taking of judgment is necessary to waive a right to a statutory lien. The cases are numerous which hold that taking other security will,

in the absence of evidence to the contrary, warrant the presumption that the lien is waived; but this presumption yields to the evident intent of the parties. This presumption is not to be indulged where there is only the substitution of one form of personal liability for another. *Kirkwood* v. *Hoxie, supra,* and cases cited; *Hooven, Owens & Rentschler Co.* v. *Featherstone,* 99 Fed. 180. The doctrine is indorsed in *Peninsular General Electric Co.* v. *Norris,* 100 Mich. 506 ( 59 N. W. 151 ).

The fallacy in this case is in the premise that the enforcement of a statutory lien necessarily implies that the debtor has acquired absolute title to the materials constituting the basis of the lien. We have seen, from the authorities cited, that both liens may exist up to the point of an attempt to enforce one or the other. Why should the attempt to apply the entire property ( *i. e.,* land and materials ) to the extinction of the debt, under the statute, preclude the subsequent attempt to assert the lien upon the material under the reservation of title for the purpose, when the greater remedy fails ? The former rests upon the assumption that the landowner has acquired such a title as sets the statute in operation. We have seen that a conditional title will do this, and, if this is so, does it necessarily follow that an attempt to enforce the statutory lien is a recognition of more than the title necessary to its creation, *i. e.,* a conditional title ? We think not; and, that being so, there is no inconsistency in afterwards resorting to the reserved lien for the same purpose sought to be accomplished by the futile proceedings under the statute,—*i. e.,* the collection of the debt. See, in this connection, *Matthews* v. *Lucia,* 55 Vt. 308; *Child* v. *Allen,* 33 Vt. 476; *McMeekin* v. *Worcester,* 99 Iowa, 243 ( 68 N. W. 680 ).

We are of the opinion that the court erred in entering judgment for the defendant. The judgment is reversed, and a new trial ordered.

The other Justices concurred.