## Siegmund *v.* Kellogg-Mackay-Cameron Company.

[No. 5,502. Filed May 29, 1906.]

1. MECHANICS' LIENS.—*Notice.*—*Signature.*—A notice of a lien for materials furnished in the erection of a house, signed in the name of the lienor by his attorney, is sufficient. p. 97.

2. SAME.—*Notice.*—*Contents.*—It is not necessary in a notice for a lien for materials furnished in the construction of a house to state more than that such lien is claimed for materials furnished in the construction of such house. p. 97.

3. SAME.—*Heating Plant.*—*Completed Building.*—A lien may be enforced for the furnishing of materials for the installation of a heating plant in a hotel building. p. 97.

4. PLEADING.—*Complaint.*—*Mechanics' Liens.*—*Basis of Suit to Foreclose.*—The contract between the material man and the contractor of a building is not the basis of a suit for the fore-

closure of a lien in favor of such material man and an exhibit thereof is not necessary in the complaint.   p. 98.

5.  ASSIGNMENTS.—*Choses in Action.*—*Balance Due on Building Contract.*—An unaccepted order by the contractor to the owner of a building for such owner to pay a balance due such contractor to the plaintiff, is not an assignment of such amount. p. 98.

6.  MECHANICS' LIENS.—*Additional Materials.*—A material man furnishing materials for the installation of a heating plant is entitled to a lien for all materials furnished, though notice of such lien was filed after sixty days from the completion of the original contract, where additional material was furnished for the completion of the entire improvement within sixty days prior to such notice.   p. 100.

From Kosciusko Circuit Court; *Lemuel W. Royse,* Judge.

Suit by the Kellogg-Mackay-Cameron Company against John F. J. Siegmund.   From a decree for plaintiff, defendant appeals.   *Affirmed.*

*C. W. Watkins,* for appellant.

*Lou W. Vail* and *Charles A. Wehmeyer,* for appellee.

BLACK, J.—The appellee sued the appellant to foreclose a material man's lien on certain real estate.   The appellant's demurrer to the complaint for want of sufficient facts was overruled.   After averments showing the appellant's ownership of the real estate described, in the county wherein the cause was commenced, it was alleged that the appellant, December 1, 1900, was erecting thereon a new hotel building, and on or about that date contracted with Charles H. Maloney and Edward Collins, partners doing business under the firm name of Maloney & Collins, to erect, construct and install a heating plant in and as a part of that building, and to do the plumbing, gasfitting, piping and draining in and as a part of the building, for which he agreed to pay said partners $1,200, Maloney & Collins to furnish all necessary material therefor; that on or about December 22, 1900, Maloney & Collins and the appellee

entered into a contract by which the latter was to furnish the materials for this work in that house, to be used by Maloney & Collins in its construction; that from this date and divers dates thereafter until January 4, 1901, in pursuance of said agreement, the appellee furnished radiators, piping, heaters, fittings, supplies and other materials for the construction of said work in and as a part of said building, of the value of $486.23, a bill of particulars of which was filed with the complaint and made part thereof, which materials, it was alleged, were used by Maloney & Collins in the construction of the building. It was further alleged that March 2, 1901, and less than sixty days after the materials were furnished, the appellee filed, in the office of the recorder of that county, a written notice of his intention to hold a lien, etc., which was on that date recorded in, etc., the notice being made an exhibit. Other averments need not be recited for the purposes of our decision of the cause.

The notice of claim of lien filed in the recorder's office and exhibited with the complaint was signed in the name of the appellee by a certain attorney. This was a

1. sufficient signing. *Jeffersonville Water Supply Co. v. Riter* (1897), 146 Ind. 521. In the portion of the notice purporting to state for what the lien for a specified amount was claimed, it proceeded as follows: "For work and labor done and materials furnished by us in the erection and construction of said house," etc. It was not necessary to state in the notice that the lien was claimed for the installation of a heating plant, or to state more particularly for what the lien was

2. claimed. If it be the intention of counsel in referring to this portion of the notice to criticise the complaint upon the ground that a lien may not be had for materials furnished for the installation of a heating

3. plant in a hotel as a part of the building, as described in the complaint, we cannot agree with such a construction of our statute.

All other references to the complaint in the brief or the argument of counsel for the appellant relate properly to the question as to the sufficiency of the evidence, which question is presented also in the motion for a new trial.

It appeared in the evidence that the contract referred to in the complaint as a contract between the appellant and Maloney & Collins was an agreement in writing. It seems to be thought by counsel for appellant that this contract was the foundation of the action. It is claimed that the complaint was upon an oral contract, and that as the contract shown in evidence was written the finding was not sustained by sufficient evidence. The suit was one for the enforcement of the lien on the real estate, and no personal judgment was sought or rendered against any one. It was necessary to show in the complaint that the materials were furnished for the doing of something contemplated by a contract, express or implied, with the owner of the interest which it was sought to subject to the lien; but the appellee was not a party to that contract and the persons with whom the owner contracted were not parties to the action, which was not founded upon any contract in the sense of the statute providing that when a pleading is founded on a written instrument it must be filed with the pleading. The lien which it was sought to foreclose was obtained, not by contract, but by compliance with the statute.

A contract in writing between the appellant and Maloney & Collins was made in November, 1900, for the construction of the heating apparatus, the latter to furnish all materials, etc., for $1,200, seventy per cent thereof to be paid on completion of the work and the balance to be paid March 1, 1901, the work to be completed by January 1, 1901. The materials were ordered from time to time by Maloney & Collins from the appellee during the month of December, 1900. While the work was in progress in that month the appellant, by oral agreement

with Maloney & Collins, caused the latter to provide for heating an additional room, not specified in the written contract, and the materials therefor were in the same month ordered by the contractors from the appellee, and it shipped them to the contractors January 4, 1901, and they were thereafter in that month used for such purpose. The appellant paid Maloney & Collins, January 5, 1901, $716.31, and the contractors gave their written receipt to the appellant, of that date, for that amount "on contract." About a week thereafter the contractors gave to the appellee a written order, not dated, addressed to the appellant and signed by the contractors. Before the order was a written memorandum in the form of an account thus: "To contract, $1,200. By cash, $716.31. Balance, $483.69." The annexed order, in the body thereof, was as follows: "Please pay above balance to Kellogg-Mackay-Cameron Company, Chicago, and charge to our account."

The notice of lien was filed in the office of the county recorder March 2, 1901, for $486.23, which was the amount due the appellee for the materials so furnished and used in the work done by the contractors for the appellant. It does not appear that the appellant at any time accepted the order above mentioned or agreed with any one to pay the appellee; and no evidence has been brought to our notice of any agreement for the release of the contractors because of the giving of this order for a sum less than the amount of the materials furnished. If it may properly be said that the material man would be precluded from suing for the foreclosure of the lien alone, without setting up, as the foundation of the action, the written contract between the owner and the principal contractor, in a case where, after the furnishing and use of the materials and before the filing of the notice of lien, that contract has been duly assigned to the material man, yet we do not regard the unaccepted order above mentioned as constituting an assignment of that contract.

It has been contended here that the notice of claim of lien, as to the greater portion of the amount claimed, was not filed within sixty days after the furnishing of the materials, within the meaning of the statute. Although a small portion of the materials furnished within the statutory period consisted of articles for doing work not contemplated when the original contract was made, yet the court was authorized to find from the evidence that this extra work constituted, so far as the appellee was concerned, a portion of one entire improvement, for which it was furnishing materials, for all of which it was entitled to acquire a lien without reference to the state of the account between the original contractor and the owner of the building, at whose instance and request the substantially continuous work thereon was done.

Judgment affirmed.