## LIEN OF A NON-RESIDENT VENDEE OF MACHINERY.

Common Pleas Court of Hamilton County.

SKINNER ENGINE CO. V. METROPOLE CAFE CO. ET AL.

Decided, 1916.

*Liens—Rights of a Foreign Creditor Who Has Sold and Installed Machinery—Retention of Title in Himself Not a Bar to Enforcement of Mechanic's Lien—Failure of Non-Resident Creditor to Enter Appearance in Receivership Proceedings Not Prejudicial to His Rights.*

1. A non-resident creditor for machinery and materials and the labor required in their installation, who has complied with the requirements of Section 8308, General Code, for the perfection of his lien, is not estopped from enforcing said lien by a specific provision in the contract of sale that the title should remain in the seller and should retain its personal character until fully paid for.

2. Failure on the part of a non-resident creditor to enter his appearance in a receivership proceeding, or to take any action with reference to orders entered in such proceeding, does not deprive him of his lien or other rights arising thereunder.

*Henry T. Hunt* and *B. L. Heidingsfeld*, for plaintiff.
*Horstman & Horstman*, contra.

MAY, J.

The plaintiff filed its petition setting up two causes of action—first one upon an account for furnishing an engine and for doing work necessary for the installation of the same; and, second, action for the foreclosure of a mechanic's lien. Two of the defendants, to-wit, George W. Martin and Joseph C. Thoms, each filed answers and cross-petitions to the plaintiff's petition.

At the hearing the plaintiff asked leave to dismiss its first cause of action and to so amend the prayer in its second cause of action that it should read:

"Plaintiff therefore asks that the plaintiff may be held by the court to have the first and best lien upon the work, labor, materials and machinery hereinbefore described, and that in default

of payment of the claim due to the plaintiff that the work, labor, materials and machinery hereinbefore described may be sold and the proceeds thereof applied to the indebtedness due plaintiff, and for all proper relief.''

At the hearing the following facts were proved:

That on July 26, 1912, the Metropole Cafe Company, *per* Emil G. Schmitt, its president and manager, entered into written contract with the plaintiff, the Skinner Engine Company, by the terms of which the plaintiff company was to furnish and install two engines, generators, switchboard, cables, concrete foundations for the generating sets, heater and pump, and do all the other necessary work for the proper carrying out of the contract; that the contract price was $8,964, and the contract provided the terms upon which payment should be made; that among the conditions contained in the contract were the following:

''The title to the machinery or material we furnish remains in us until full purchase price hereunder (including any modifications or extension of payments, whether evidenced by notes or otherwise) shall have been fully paid in cash, and you are to do all acts necessary to perfect and maintain such retention of title in us.''

And also:

''It is understood that the machinery hereunder shall retain its personal character and shall not become a fixture by being placed in any building, or in any manner whatsoever annexed to any land. Further, that if said machinery is placed upon mortgaged or encumbered premises it shall be without prejudice to our retention of title thereto as herein provided.''

The work began on December 12, 1912; the last work done under the contract was April 14, 1913; on February 12, 1913, defendant company paid $1,500; on June 10, 1913, it paid $429.-82; on June 24, 1913, the switchboard called for under the contract was furnished by the defendant company and an allowance made on the contract of $1,000; on July 10, 1913, $400 was paid. At that time there was due under the contract $5,664. Sometime in July 1913, the Metropole Cafe Company went into the hands

of a receiver, appointed by the court of insolvency, in the case of *Carpenter* v. *Metropole Cafe Company et al*, No. 6695; on August 14, 1913, a mechanic's lien was filed in the office of the recorder against the Metropole Cafe Company; the receiver appointed in that suit took an order of court for the sale of all the property of the Metropole Cafe Company, and the same was purchased by George W. Martin on December 19, 1914, and George W. Martin and Joseph C. Thoms are now the owners of the leasehold.

It was further proved at the hearing that the Skinner Engine Company was made a party to the suit in the insolvency court, but that no service was made upon the Skinner Engine Company either personally or by publication, and the Skinner Engine Company made no appearance at all, either personally or by attorney, in the suit in the insolvency court. The fee of the property upon which the Metropole Cafe Company erected the Metropole Hotel is in Joseph C. Thoms. The Metropole Company merely had a lease on the same. The lessor, Thoms, reserved a lien for rent in his lease, but said lease was not placed upon record until after the work contracted for by the Metropole Cafe Company had been completed.

The defendants contend in this case that the plaintiff is not entitled to enforce its mechanic's lien for two reasons:

First, they claim that the work done by the plaintiff, to-wit, the work, labor, materials and machinery, were personalty by the very terms of the contract between the Metropole Cafe Company and the Skinner Engine Company, and therefore was not attached to and did not become a constituent part of the leasehold of the premises; and, second, that the failure of the plaintiff to enter its appearance in the receivership suit in the insolvency court and to assert its lien there and the sale under the order of that court of the leasehold and all the assets of the company without objection on the part of the plaintiff, deprives the plaintiff of any right to set up its lien at this time.

In my opinion, this latter reason advanced by the defendants in their behalf is not well taken.

The defendants rely upon the case of *Lindemann* v. *Ingham*, 36 Ohio St., 1, where it was held that an assignee of a mortgage

in possession of goods has a right to sell the property and that a person having a chattel mortgage on the property must work out his rights against the funds. There is no doubt about this proposition of law, but in that case it will be noticed that the chattel mortgagee was a party and therefore was bound by the orders of the court.

Judge Okey says, p. 14, referring to the case of *Dwyer* v. *Garlough,* 31 Ohio St., 158:

"The statute contains no express provision for notice to the mortgagee of the proceedings to sell. Notice in some form was essential. *Ray* v. *Norseworthy,* 23 Wall., 128. Whether this requirement is satisfied by the public notice given, we need not determine. The facts set forth in the statement of the case tend to show not only notice to the defendants in error, but consent on their part that Lindemann should dispose of the property as assignee.'

In the receivership case, there is no statute providing how the receiver should proceed. It is elementary law that no one can be deprived of his lien, if he has a valid lien, unless he has been properly brought into the case or voluntarily appears.

An attempt was made to bring in the Skinner Engine Company, but no valid service was had.

The Supreme Court of the United States, in the case of *Ray* v. *Norseworthy,* 90 U. S. (23 Wall.), 128, cited by Judge Okey in the Lindemann case, held:

"Although district courts of the United States, sitting in bankruptcy, have power to order a sale of the real estate of the bankrupt which he has mortgaged, in such a way as to discharge it of all liens, and although as a general thing, if they order a sale so that the purchaser shall take a title so discharged the purchaser will have a title wholly unincumbered, yet to pass in this way an unincumbered title of property previously mortgaged, it is indispensible that the mortgagee have notice of the purpose of the court to make such an order; or that in some other way he have the power to be heard, in order that he may show why the sale should not have the effect of discharging his lien. And if a sale be made, without any notice to him, his mortgage is not discharged."

The defendants claim that the receivership proceedings are notice to the world.

This is not the law in this state, especially as far as foreign creditors are concerned. The plaintiff in this case was a foreign corporation; it had no legal notice of the receivership proceedings, and at the hearing no evidence even tending to prove that the plaintiff company had such notice was offered. For these reasons, I am of the opinion that the failure on the part of the plaintiff to enter its appearance in the receivership proceedings, or any action taken in pursuance of any orders made in the receivership proceedings, are ineffective to deprive the plaintiff of any rights it may have in the matter.

The more serious question in this case, however, is, whether the plaintiff has a mechanic's lien upon the work, labor, materials and machinery furnished by it under the contract. If it has such a lien under the statute, all the necessary steps required by the statute have been complied with and the lien is a valid one. The question depends solely upon the construction of the statute taken in connection with the contract entered into between the parties.

Section 8308, General Code, provides:

"Every person who does work or labor upon or furnishes machinery, material  *  *  *  for constructing, altering, or repairing a boat  *  *  *  or for erecting  *  *  *  a house, mill, manufactory,  *  *  *  or other building, appurtenance, fixture, bridge, or other structure,  *  *  *  by virtue of a contract, express or implied with the owner, part owner or lessee, of any interest in real estate,  *  *  *  shall have a lien to secure payment thereof upon such boat,  *  *  *  or upon such house, mill, manufactory, furnace, or other building, or appurtenance, fixture, bridge, or other structure,  *  *  *  and upon the material or machinery so furnished, and upon the interest, leasehold or otherwise, of the owner, part owner, or lessee in the lot or land upon which they may stand, or to which they may be removed."

In order to construe properly this statute, it is necessary to consider its history. In the section as originally adopted and as it then read, the words "and upon the material or ma-

chinery so furnished," were not a part of the statute. These words first appear in the amendment of 1889 (86 O. L., 373), and from that date to the present day they have been incorporated and are a part of the statute.

The Legislature must have had some purpose in adding these words to the statute, and it was so held by our own court of appeals, in *Rule* v. *Automobile News Co., Court Index,* August 4, 1915; this case expressly decides this point and holds that there may be a lien upon personalty. This same point was also decided by the United States Court of Appeals for this circuit, in *Kinsey* v. *Heckerman,* 224 Fed. Rep., 308, in which all the Ohio cases on this statute are reviewed.

In *2 Jones, Liens* (3d Ed.), Section 1343, it is said:

"In a building intended to be used as a hotel, everything of a permanent character attached to it, and reasonably necessary for the purpose of its use as a hotel, is a fixture for which a lien attaches. Thus, the heating, laundry, and cooking apparatus, including a large soup kettle, furnished as a part of the building in its original construction or subsequent repair, and necessary for its use as a hotel, is a fixture for which a mechanic's lien attaches." Citing *Dimmick* v. *Cook,* 115 Pa. St., 573, 580; and *Siegmund* v. *Kellogg Co.,* 38 Ind. App., 95.

It seems that our Supreme Court, even before the amendment to the statute above referred to, was of the opinion that there could be a mechanic's lien on personalty under the statute.

In *Hart* v. *Iron Works,* 37 Ohio St., 75, the court said at page 77:

"The assignee claims, however, that this is an attempt on the part of the Globe Iron Works to obtain a mechanic's lien on personal property. But the lien may be asserted as well against a leasehold, a chattel interest, as against real estate (*Choteau* v. *Thompson,* 2 Ohio St., 114; *Dutro* v. *Wilson,* 4 Ohio St., 101); and where a mechanic agrees with one in possession as tenant of real estate, under a lease like this, to furnish machinery and attach it to a building on the leased premises, to be used by such tenant in carrying on manufacturing in the building, such machinery, when so attached, becomes so much of a part of the leasehold that the mechanic's lien will extend to the machinery."

See also *Pflueger* v. *Foundry & Mach. Co.*, 134 Fed. Rep., 28; *Meader* v. *Egan Co.*, 109 Fed. Rep., 632.

But it is urged by the defendants that the two conditions in the contract of sale, to-wit, that the title was to remain in the plaintiff company until paid for, and that in no event was it to be considered a fixture, estopped the plaintiff from asserting its claim by virtue of a mechanic's lien.

If it be considered as personalty, this objection is not well taken, for the reasons just given, namely, that under the statute such a lien is permitted; and the other objection, the retention of title, is also not well taken. See *2 Jones, Liens* (3d Ed.), Section 1340:

"A provision in a contract for furnishing machinery, that the same shall remain the property of the vendor until paid for, does not prevent such machinery from becoming fixtures when attached as such to a mill, nor does it prevent the vendor from enforcing a lien for the same." Citing *Case Mfg. Co.* v. *Smith*, 40 Fed. Rep., 339; a decision by the late Mr. Justice Jackson; *Cooper* v. *Cleghorn*, 50 Wis., 113; *Warner Elevator Mfg. Co.* v. *Building & L. Assn.*, 127 Mich., 323.

The defendants further contend that if the lien is sustained, that it ought not extend to the two panel switchboard and appurtenances, which were not furnished by plaintiff and by reason thereof an allowance of $1,000 was made on the bill.

This contention is probably well taken, and the furthest extent to which the plaintiff is entitled to assert its lien is on the actual materials and machinery furnished by it.

A decree in accordance with this opinion may be drawn.