STRATTON *v.* ANDREW C. SISMAN CO.

1. CONTRACTS—BUILDING CONTRACTS—PASSING TITLE TO MATERIALS.
    Subcontractor's intention to pass title to plaster forms delivered on the premises but not installed may not be proved by the fact that he furnished affidavits under the lien law showing payment of all material and labor claims and also waiver of lien, but regard must be had to the terms of the contract, usages of trade, and the circumstances of the case (2 Comp. Laws 1929, § 9457, subd. 2).

2. SAME—PARTIAL PAYMENT BY OWNER INSUFFICIENT TO SHOW INTENTION TO PASS TITLE.
    Furnishing materials for building by subcontractor to owner and partial payment by him would not be decisive of intention to pass title, in absence of additional facts.

3. SAME—MORTGAGING MATERIALS BY OWNER.

    Mortgaging by owner of building of property furnished by sub-
    contractor, to which owner had no title, would not, in absence
    of other controlling circumstances, divest subcontractor of his
    rights thereto.

4. SAME—ACCEPTANCE OF PAYMENTS FROM MORTGAGEE SHOWS IN-
TENTION TO PASS TITLE.

    Acceptance by subcontractor of payments from mortgagee, who
    advanced money on construction loan, shows intention of sub-
    contractor to transfer title to plaster forms especially con-
    structed for the building and furnished by him but not yet
    installed.

Error to Wayne; Pugsley (Earl C.), J., presid-
ing. Submitted June 3, 1931. (Docket No. 47,
Calendar No. 35,358.) Decided October 5, 1931. Re-
hearing denied January 4, 1932.

Replevin by Frank Stratton against Andrew C.
Sisman Company, a Michigan corporation, to re-
cover certain building materials. Judgment for
plaintiff. Defendant brings error. Reversed.

*William E. Tarsney, Arthur Axford* and *Francis
W. Allen,* for plaintiff.

*Yerkes, Goddard, McClintock & Shreve,* for de-
fendant.

BUTZEL, C. J. Frank Stratton entered into a
written contract with the Empire Construction Com-
pany, the main contractor, to furnish materials and
labor for the lathing and plaster work in a theatre,
store, and apartment building in the city of Detroit,
being erected for the Detroit Estates Corporation,
the owner. Stratton, through a subcontractor,
ordered and furnished certain ornamental plaster
forms required of him under his contract. They
were specially constructed for the building, and part
of them, of the value of $5,000, were delivered for
him at the building, but were not installed, as it was
not ready for the plaster work. Under agreement

with the owner, however, the plaster forms were stored upon the premises upon which the building was being erected. The contract of the plaintiff with the main contractor followed the usual standard form of the American Institute of Architects; section 6, clause (a), provided:

"It is understood settlements on within contract are to be made on or about the 10th day of each month, 90 per cent. of the value, based on the contract prices, of labor and materials incorporated in the work and of materials suitably stored at the site thereof up to the 30th day of preceding month, as estimated by the architect, less the aggregate of previous payments; and upon substantial completion of the entire work a sum sufficient to increase the total payments to 100 per cent. of the contract price."

In accordance with this section, plaintiff received checks aggregating $3,250 through the Union Trust Company, which was trustee under a certain loan trust mortgage securing a bond issue. The checks were issued by the Union Trust Company upon architects' certificates, which expressly stated that the payment did not constitute an acceptance of the work done or materials furnished. Each time payments were made Stratton furnished an affidavit showing payment of all material and labor and also a waiver of lien.

Detroit Estates Corporation was unable to proceed with the completion of the building, and sold all of its rights in and to the property and the partially constructed building to the defendant Andrew C. Sisman Company. Plaintiff was unable to come to an agreement with the Sisman Company, and the contract was not completed, nor was plaintiff paid for the balance due for the materials he had stored

on the premises. Thereupon he brought replevin proceedings to recover these materials.

The main question is whether the title to the materials passed. The contract itself is silent on the subject. The case was tried without a jury. The trial judge found that the title did not pass, but, in order to avoid a retrial in case his decision should be reversed by this court, he also determined that if title has passed to defendant and its property was improperly taken by plaintiff, its damage amounted to $3,000 on account of the delay occasioned by the necessity of having new plaster forms manufactured to replace those replevied by plaintiff.

After a very careful research by counsel as well as by ourselves, we find that the exact question has seldom been passed upon by the courts. In the few cases we are able to find the facts somewhat differ. *In re Schilling,* 258 Fed. 489, decided by the late Judge Westenhaver of the United States District Court of the northern district of Ohio, under a somewhat similar contract and circumstances, it was held that the title did not pass. To like effect is *Tripp* v. *Armitage,* 4 M. & W. 687 (150 Eng. Rep. 1597), the leading English case. These cases hold that delivery of materials to the place where they are to be incorporated in the structure, and partial payment for them by the owner, are, without other proof, insufficient to prove a transfer of title. However, in the present case, there is an additional element in the transaction that we cannot overlook in reaching our conclusion. Under section 18, paragraph (2) of the uniform sales act (2 Comp. Laws 1929, § 9457), in order to ascertain the intention of the parties as to the vesting of title, regard must be had to the terms of the contract, usages of trade, and the circumstances of the case. The furnishing of the affidavit under the lien law and the waiver of lien by

plaintiff do not prove such intention without other proofs. Neither would the furnishing of materials to the owner and partial payments by him be decisive in the absence of additional facts. The mortgaging of property to which the owner had no title would not, in the absence of other controlling circumstances, divest the vendor of his rights to the property. *Warner Elevator Manfg. Co.* v. *Capitol Investment, Building & Loan Ass'n,* 127 Mich. 323. However, the facts in the present case differentiate it from those relied upon by plaintiff. The exhibits and the statement of facts, as presented by the attorneys for plaintiff, show that plaintiff received payments from time to time from the mortgagee who advanced money on a construction loan. We must conclude that this shows the intention of plaintiff to transfer the title. He must have realized that the mortgagee was advancing money on security, and that the only reason for paying him was on the strength of the security to which he had added his materials. This he could not do without transferring title. It was transferred in accordance with the intention of plaintiff.

The judge found that the materials replevied were of the value of $5,000, and that in addition thereto defendant had suffered additional damages to the extent of $3,000 on account of the delay it was put to on account of the making of new forms and the manufacturing of the plaster work. There was sufficient competent evidence to support these findings.

The judgment is reversed, and it is ordered that one be entered in favor of defendant against the plaintiff in the sum of $8,000. Defendant will recover costs.

WIEST, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.