SPEAR *v.* CARTER ET AL.

Nothing is to be presumed in favor of the jurisdiction of a justice of the peace, which must be shown affirmatively.

By statute, the jurisdiction of justices of the peace was restricted to certain actions, and judgments by confession might be entered for any sum not exceeding $150, "provided that such confession be in writing, signed by the person making the same, in presence of the justice or one or more competent witnesses." Laws 1833, p. 193. A judgment was rendered by a justice in these words, after entitling the cause : " Judgment by written confession of the above named de-

fendants, in favor of the above named plaintiff, for eighty-eight dollars and eighteen cents damages, and costs of suit." *Held*, the judgment did not show, and was not *prima facie* evidence that the justice had jurisdiction of either the persons of the defendants, or of the subject matter of the suit, and that it was therefore void.

A justice can render judgment on confession of the party only in those actions which he has jurisdiction to try.

Where jurisdiction is unqualifiedly withheld, consent, or the confession of a judgment, will not render the proceedings valid.

CASE reserved from Macomb Circuit Court. An action was brought by plaintiff on a judgment rendered in his favor against defendants by one Sheldon, a justice of the peace, on 8th September, 1837, of which the following is a copy:

> Archibald Spear,
>     *vs.*
> Harlehigh Carter and
> James H. Rose.

Judgment by written confession of the above named defendants in favor of the above named plaintiff, for eighty-eight dollars and eighteen cents damages, and costs of suit.

On the trial the justice's docket was proved, containing an entry of which the above is a copy, and was then offered in evidence by the plaintiff and admitted by the court, though objected to by defendants on the ground the judgment was void. Evidence was also given to show the original papers in the case could not be found, and that the justice had left the state, but no written confession was produced. A verdict was rendered for plaintiff, and defendants afterwards moved for a new trial, which motion was reserved by the court.

*Goodrich*, for plaintiff,

*Terry*, for defendants.

*By the court*, WING, J.

The Justice Act of 1833, in force in 1837, authorized a justice of the peace to enter judgment by confession for any sum not exceeding $150, *provided that such confession be in writing, signed by the person making the same, in presence of the justice or one or more competent witnesses*, and every such justice is thereby authorized to hold a court for the trial of all such actions, and hear, try, and de-

termine the same: Provided always, that no justice of the peace shall have cognizance of any action where the title to land shall in any wise come in question, or of false imprisonment, or of slander, or of malicious prosecution, nor of matter of account where the sum total, &c.

Had the justice in this case jurisdiction of the subject matter of the action, or of the persons of the defendants? Does this appear affirmatively on the face of the proceedings?

The record only sets forth "judgment by written confession of the above named defendants, in favor of the above named plaintiff, for $88..18, damages and costs of suit."

It does not appear that suit was commenced by the plaintiff against the defendants, or that the defendants voluntarily appeared before the justice, or that he ever saw them, or that any writing signed by the defendants in the presence of the justice *or one or more competent witnesses, was before him.* Nor does it appear what the cause of action was upon which the judgment was entered. And therefore it does not appear whether the claim or cause of action was of such character as that, by the statute, the justice was authorized to enter judgment upon it. None of these things being apparent from the record or proceedings in the cause before the justice, or in the case certified to this court, can it be affirmed the justice had jurisdiction of the cause of action, or of the persons of the defendants?

In the case of Borden v. Fitch, 15 John. Rep. 141, the court say: " To give any binding effect to a judgment, it is essential that the court should have jurisdiction of the *person*, and of the *subject matter;* and the want of jurisdiction is a matter that may always be set up against a judgment, when sought to be enforced, or when any benefit is claimed under it. The want of jurisdiction makes it utterly void and unavailable for any purpose." Mills v. Martin, 19 John. Rep. 33; Willes 199; 2 Har. and John. 130.

The act prescribes the causes in which the justice may act, and cases in which he may not act and is expressly prohibited from acting. Nothing is presumed in favor of jurisdiction; it must be shown affirmatively. In Wight v. Warner, 1 Doug. Mich. Rep. 384, and Clark v. Holmes, id. 390, all the cases are cited, and the doctrine above stated is fully illustrated and enforced. Goodwin, J., in giving judgment in the first case says, " What is necessary to give jurisdiction must fully appear."

In the case of Beach *v.* Botsford, 1 Doug. Mich. Rep. 199, a judgment is stated to have been rendered upon the written confession of a defendant (which is given), signed by him but not attested. Morell, J. says, " The justice derives his authority to enter the judgment solely from the statute, and the confession of judgment should show that the statute was complied with. It does not appear, from the entry of the judgment, that the confession was written and signed in the presence of the justice, or one or more competent witnesses. It was clearly the intention of the legislature that the witnesses should so subscribe." He also says: " The statute not having been complied with, the judgment is a nullity. The consent of the party cannot make a void judgment valid. The justice therefore had no jurisdiction over the person of the defendant."

The statute gives no authority to a justice to render a judgment upon confession except in the section cited. It is the basis of his jurisdiction, it is the foundation on which his judgment must rest. His authority must expressly appear, and that, too, clearly and affirmatively, before faith and credit can be given to his acts.

In the case of Tenny *v.* Filer, 8 Wen. 569, it appeared that no process was issued, and that defendant did not appear before the justice to confess judgment, but as the justice was crossing the street the defendant told him to enter judgment against him in favor of the plaintiff in the judgment. The court say, by the act, " a justice of the peace is authorized to enter judgment by confession of the defendant. The act of 1818 was the same, and under that statute the court laid down the broad principle, that a justice could not legally enter a judgment unless the defendant appeared in person or by attorney before him, in *court*, and confessed judgment, or had been duly summoned, as in ordinary cases."

In this case there may have been a written confession, as in the case of Beach *v.* Botsford, or as in the case of Clark *v.* Holmes, or it might have been by letter without being attested; and as it does not appear how it was done, and until it appears that it was done in compliance with the requirements of the statute, it cannot give the court jurisdiction. Besides, it does not appear to have been entered in a case of which the court had jurisdiction. The plaintiff's counsel urges that, " as it appears there was a confession in writing, this *prima facie* gives

Spear *v.* Carter *et al.*

*jurisdiction,* and a *prima facie* case of jurisdiction being thus made out, this court will presume the form of the confession to have been right." But is a *prima facie* case made? A confession in writing, signed by the parties, does not make a *prima facie* case, and there is nothing in the record or case importing more than that there was a written confession, signed by the defendants. It was manifestly the object of the legislature to protect the rights of defendants. It was a matter of repeated complaint, that judgments were entered against defendants, purporting to be upon their confession, when they knew nothing of it; and to avoid all chance of fraud, the statute provided a mode, *as the only mode,* in which judgments by confession could be entered; and it was to be done, if at all, under such circumstances as to render it certain that the confession was actually made, before the justice could act in the matter. If the judgment in question is to be held good, the requirements of the statute are nugatory.

The plaintiff's counsel admitted, on the argument, that the justice was limited as to the kind of actions he might "*try.*" But it was insisted he might "*take a confession in any form of action.*" This remark was grounded on the fact that a confession was voluntary, and the parties were not under any compulsion to confess. But it has been decided that consent will not confer jurisdiction, particularly as to the *subject matter to be determined.* 8 John. Rep. 409; 13 id. 218; 14 id. 432; 17 id. 471. Where jurisdiction is unqualifiedly withheld, even consent or the confession of a judgment will not render the proceedings valid, though it would take away a mere error. See the case of an executor confessing judgment, in 3 Caines' Rep. 129; and so where a justice, by consent, tries the title to land. Griffith's Treat. 19, 20; Cowen's Treat. 11; 6 Wendell 465.

The statute in question, after giving jurisdiction over certain actions by process as well as by confession, provides that the justice shall hear, try, and determine the same. Rendering judgment is a judicial determination upon the facts presented, and is to be made as well upon a confession of judgment as upon hearing the proofs and allegations of the parties.

*Certified accordingly.*