LEVI K. FULLER ET AL. V. ANDY BYRNE.

*Conditional sale—Lien—Waiver.*

Where a contract for the sale of a piano provides that the instrument shall remain the property of the vendor until the purchase price and any judgment rendered thereon is paid in full, the vendor has the right to obtain such judgment, and the title to the piano will not pass until the judgment is paid.

Error to Gogebic. (Haire, J.) Submitted on briefs October 4, 1894. Decided November 20, 1894.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Button & Norris,* for appellant.

*Chamberlain & Trumbull,* for plaintiffs.

LONG, J. Defendant is sheriff of Gogebic county, and levied an execution upon, and took into his possession, a piano which he found in the possession of Carl Marquardt. The execution was against Marquardt, and the sheriff levied upon the property as belonging to him. The plaintiffs in this suit are piano dealers, and had delivered the piano in question to Marquardt under a conditional contract of sale, which contained the following stipulation:

"The said instrument is and shall remain the property of said Estey & Camp until each and every of said amounts, and interest thereon, and any judgment rendered thereon, is paid in full."

This action is replevin brought by plaintiffs against Byrne, and the property was taken under the writ. On the trial it appeared that the plaintiffs, before the sheriff levied his execution, had brought suit against Marquardt,

and obtained personal judgment for the amount due on the contract. It was therefore contended that plaintiffs had relinquished their claim. The court below directed judgment in favor of plaintiffs for six cents damages and costs of suit.

The court below was correct in so finding. The plaintiffs and Marquardt had entered into a contract by which the title to the property was to remain in the vendors until the "amounts, and interest thereon, and any judgment rendered thereon, is paid in full." Under this contract the vendors had the right to obtain judgment against the vendee for the amount due, and interest thereon, and the title was not to pass until such judgment was paid. There is no intention shown here to release the lien or pass the title. The mere fact of personal judgment was not, under the contract, to release the lien or pass title, until judgment paid.. See *Kirkwood v. Hoxie,* 95 Mich. 66, and cases there cited.

Judgment is affirmed.

The other Justices concurred.