CANADIAN TYPOGRAPH CO. *v.* MACGURN.

1. CONDITIONAL SALE—ELECTION OF REMEDIES.
   A vendor of goods under a contract reserving title until payment of the purchase price does not, by bringing *assumpsit* upon the contract, and proceeding to judgment therein, elect his remedy, so as to preclude his resort to replevin.

2. JUDGMENTS—MERGER OF CAUSE OF ACTION.
   Whether a foreign judgment, or a judgment *in rem*, will operate as a merger of the original cause of action,—*quære.*

Error to Wayne; Donovan, J.   Submitted January 25, 1899.   Decided March 14, 1899.

Replevin by the Canadian Typograph Company, Limited, against Foster Macgurn.   From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Affirmed.

*Chamberlain & Guise,* for appellant.

*Edward McNamara,* for appellee.

HOOKER, J.   The defendant, a retailer, bought bicycles from the plaintiff, under a contract which reserved the title in the plaintiff until paid for; and the wheel in question in this action was bought by the defendant subject to the terms of such agreement, and was in the possession of the defendant when replevied.   The plaintiff rendered a statement of account to the defendant.   It afterwards began an action in *assumpsit* in a Canadian court, based upon said account, including this bicycle.   The summons was served in Detroit, and there was no service in Canada. We infer that the defendant did not appear, and the case went to judgment against him 12 days before this action was begun.   It is admitted that the foreign judgment has

no extraterritorial force, and also that any of the defendant's property in Canada may be taken upon execution, and sold to satisfy said judgment. This action of replevin was subsequently commenced as stated, and upon the trial the circuit judge directed the jury to find a verdict for the plaintiff. The defendant has appealed, alleging error upon the refusal to direct a verdict for the defendant.

Counsel contend that, by bringing *assumpsit*, the plaintiff elected its remedy, and cannot now resort to replevin. The contract binds the defendant to purchase, and provides for a settlement. It reserves the title in the plaintiff until the settlement is fully satisfied. The record shows an account rendered, though it is not clear that an adjustment of accounts was had; but, whether there was or not, the contract reserves title until the same is satisfied. In the case of *Fuller* v. *Byrne*, 102 Mich. 461, the court held that the fact that a personal judgment was rendered was not sufficient to pass the title. In that case the contract provides that "the said instrument [a piano] is and shall remain the property of Estey & Camp until each and every of said amounts, and interest thereon, and any judgment rendered thereon, is paid in full." The language of the contract in the present case is not the same, but we think that it evinces an intention that the title should not pass until the wheel should be paid for. Again, if the doctrine of merger can be said to have any application in such cases, it may be doubted whether anything less than a judgment in a case where the plaintiff has a full and complete opportunity to recover his whole demand against his debtor will suffice. Thus, in the case of *Toby* v. *Brown*, 11 Ark. 308, it was held that a judgment against a steamboat—that being a judgment *in rem*—was not enforceable against the property of the owners if unsatisfied, and could not be pleaded in bar to a subsequent action. Furthermore, it is commonly held that a foreign judgment, unsatisfied, does not merge the original cause of action. 2 Black, Judgm. § 847. But we need not

decide this question, as we think the case within the rule of *Fuller* v. *Byrne, supra.*

The judgment is affirmed.

The other Justices concurred.