## COELING *v.* GREEN.

1. CHATTEL MORTGAGES—CONDITIONAL SALES—LIEN.

   Under a contract conveying an interest in a business without an express reservation of title, but providing that, on failure to pay the balance of the purchase price, title should revest in the seller, the purchaser obtains the title subject to a mortgage lien of the seller; and the transaction does not constitute a conditional sale.

2. SAME—RECORD—AFFIDAVIT.

   Filing such contract without an affidavit of good faith, as provided for by Act No. 332, Pub. Acts 1907, renders the transaction void as to a subsequent purchaser in good faith.

3. SAME—NOTICE.

   In the absence of proof of actual notice of the existence of the contract, a purchaser of the business does not take it with notice.

Error to Kent; McDonald, J. Submitted April 19, 1910. (Docket No. 85.) Decided September 28, 1910.

Replevin by Tite Coeling against William Green and Edward N. Barnard. A judgment for defendants on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Smedley, Hall & Freeland,* for appellant.

*Mahar & Barnard,* for appellees.

BLAIR, J. This is an action of replevin to recover possession of certain personal property purchased by defendant Barnard of defendant Green. The rights of the parties depend primarily upon the construction to be given to an agreement in writing between plaintiff and defendant Green. The agreement contained, among others, the following clauses:

"A Contract to Purchase.

"This option to purchase, made and entered this 3d day of January, A. D. 1908, between Tite Coeling, of the city of Grand Rapids, party of the first part, and William Green, of the same place, party of the second part, witnesseth, as follows:

"Whereas, said parties are joint owners of a so-called vaudette show, known as the North Star, and located at No. 212 Plainfield avenue, in the city of Grand Rapids, Michigan, and they desire to sever their interests in said show in the following manner, viz.: Said first party, for and in consideration of the sum of one hundred dollars ($100) to him in hand this day paid by said second party, the receipt whereof is hereby confessed and acknowledged, and the promise on the part of the second party to pay to him the further sum of two hundred dollars ($200) at the time and in the manner hereinafter specified, and to carry out and fulfill all the other covenants of this agreement, hereby agrees to sell and give immediate possession of all his interest in said show of every nature and kind, including the following named property:  *  *  *

"And said second party hereby promises and agrees to pay to said first party the two hundred dollars ($200) above mentioned eighteen (18) months from and after the date of this agreement, in full settlement for all his interest in said show and the above-described goods, and upon such payment of the two hundred dollars ($200) the title to said second party in said show and above described goods and chattels becomes under this agreement absolute and complete. And said first party has no further right or interest in or to them, or any part thereof.

"And it is hereby further agreed between the parties hereto that in case said second party fails or refuses to pay to said first party the said two hundred dollars ($200) at or before the time above mentioned, or perform the other covenants of this agreement, such failure shall work a forfeiture of this agreement, and said first party's right and title to a half interest in said show and the above-described goods and chattels shall be revived, and he shall become reinvested with the title to a one-half joint interest in said show, and goods and chattels, and he may keep and retain the one hundred dollars ($100) thus paid to him by said second party mentioned as stipulated damages for the use and benefit of

said show and goods and chattels by said second party during the continuance of this agreement."

The plaintiff contends that this agreement amounted to a conditional sale, reserving title in plaintiff until payment of the full purchase price. Defendant insists that the agreement was, in effect, a chattel mortgage, and that, if a conditional sale, plaintiff could not maintain replevin against his co-tenant. The circuit judge held with defendant Barnard as to both propositions, and directed a verdict in his favor. To reverse the judgment entered upon the directed verdict, plaintiff prosecutes this writ of error.

It is apparent that legal terms were loosely used in the agreement; but, construing all of the provisions together, we think it fairly appears that it was the intention of plaintiff to part with his title to the property, and not to reserve title thereto. The provision that upon payment of the $200 "the title to said second party in said show and above-described goods and chattels becomes under this agreement absolute and complete" is not necessarily inconsistent with this view, but may well mean that upon such payment such title is unaffected by any lien or right of the vendor. In fact, in view of the subsequent clause, this would seem to be the natural meaning. The subsequent clause clearly shows that the title was deemed to be in Green, but that upon his failure to perform his contract Coeling's title should be revived, "and he shall become reinvested with the title," etc. We are therefore of the opinion that the circuit judge did not err in his construction of the contract. *Choate* v. *Stevens*, 116 Mich. 28 (74 N. W. 289, 43 L. R. A. 277).

The contract was executed on the 3d day of January, 1908, and was filed with the city clerk January 18, 1908, but without the affidavit required by Act No. 332 of the Public Acts of 1907. The mortgage was, therefore, void as against subsequent purchasers in good faith. *People, ex rel. Esper*, v. *Burns*, 161 Mich. 169 (125 N. W. 740). It is claimed, however, that defendant Barnard was not a

subsequent purchaser in good faith, because chargeable with notice of what was actually on the record.   There is no claim or proof of actual notice, and since the agreement was not entitled to record, but its filing positively forbidden, it was no notice whatever to Mr. Barnard.

In view of what has been said, it becomes unnecessary to discuss the other questions argued in appellant's brief.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and STONE, JJ., concurred.