ATKINSON v. JAPINK.

1. SALES—CONDITIONAL SALE—RESERVATION OF TITLE.

Where plaintiff received $140 and two promissory notes for the purchase price of an automobile, and the notes contained a clause reserving title in the vendor with authority, if he deemed himself insecure, to resume possession and sell the car at public or private sale, and to indorse the proceeds upon the notes, the transaction amounted to a sale with reservation of the title as security for the indebtedness.[1]

2. SAME—CHATTEL MORTGAGE—BILLS AND NOTES.

It was not necessarily a conditional sale because the seller reserved title in himself.

3. SAME—PAYMENT.

A transfer of personal property may be a bailment though cash is paid and notes taken for deferred payments.

4. SAME—ABSOLUTE TRANSFER—SECURITY.

Reserving absolute title in the vendor is inconsistent with an action to recover the debt, but if the contract imports that title is retained for security merely, authorizing the vendor to reclaim and sell the subject matter, the taking and holding of additional security and the enforcement of statutory liens are not inconsistent with such reservation.[2]

5. SAME—LIENS—CHATTEL MORTGAGES—ASSIGNMENT—NEGOTIABILITY.

By transferring one of the title notes to a bank as security for a loan, plaintiff, the vendor, did not lose his right to retake the car under the remaining note; whoever held one of the instruments was entitled to secure posses-

---

[1] As to effect of retention of title to personal property until payment of purchase price to characterize sale as executory, see note in 5 L. R. A. (N. S.) 475.

[2] As to transfer of purchase money obligation as affecting reservation of title, see note in 37 L. R. A. (N. S.) 71.

As to right of seller to recover purchase price where title is expressly reserved by seller until purchase price is paid, see note in 51 L. R. A. (N. S.) 759.

sion of the car in case defendant committed a default. The sale of either note passed a proportionate interest in the security.[1]

6. REPLEVIN—DEMAND—LIENS—CHATTEL MORTGAGES.

Where plaintiff, who attempted to secure payment of a note reserving title in his hands, stated at the time it fell due to the buyer of the automobile that he would have to take the machine, and it was not surrendered, no further demand for possession was necessary as foundation for an action of replevin.

Error to Berrien; Bridgman, J. Submitted April 23, 1915. (Docket No. 56.) Decided June 7, 1915.

Replevin by Robert C. Atkinson against Benjamin Japink for a motor car. Judgment for plaintiff. Defendant brings error. Affirmed.

*O'Hara & O'Hara,* for appellant.

*Coolidge & White,* for appellee.

OSTRANDER, J. Plaintiff sold an automobile to defendant for $650. One hundred and forty dollars was paid in cash, and two notes for $185 and $325, respectively, were executed by defendant, payable to plaintiff. Each note reserved title to the automobile in plaintiff until it was paid, with a right to declare the note due and take possession of the car at any time plaintiff deemed himself insecure, to sell at public or private sale, and indorse the amount received upon the note. Plaintiff sold the notes, indorsing them, but not to the same purchaser. The smaller note falling due, plaintiff took it up from the purchasing bank, asked defendant to pay it, who refused to do so.

"After he told me we couldn't get a settlement, I said we will have to have the machine."

[1] As to right of vendor on default of payment in conditional sale, see note in 32 L. R. A. 455.

No other demand for the car was made. This suit was instituted, and upon the trial the facts here stated were made to appear, and that the larger note was outstanding in the hands of a third person. The car was taken on the writ. Defendant moved for a directed verdict for the reasons:

(*a*) That' no demand for the property had been proven; (*b*) that, it appearing that two notes had been given, one now held by plaintiff, and the other by a third person, the plaintiff and the owner of the other note were tenants in common of the chattel, or joint tenants, and replevin may not be brought by a tenant in common for the recovery of a specific chattel without joining, or without the concurrence of, the other tenant in common; (*c*) "it appears that shortly after the making of the note in question [exhibited in suit] this plaintiff, being the owner and holder thereof, sold the note in suit to the Snell Banking House of Niles, Mich., for full value; and the rule is well established that, upon such sale, any title which the plaintiff may have had by virtue of that note in the machine passed from him to either. one of two persons (and we claim to the last person mentioned), that is, either to Snell & Co. or to the defendant in suit, and we claim the title passed, so far as that note was concerned, the title to the machine passed to the buyer of the machine, this defendant."

The trial court was of opinion that title to the car passed to defendant, and that plaintiff had a lien thereon, that the action would lie, and a verdict for plaintiff for nominal damages was directed. Judgment was entered for plaintiff for six cents damages and costs. Exceptions were taken to the rulings and present the questions argued in this court.

Whether a sale of personal property is absolute or conditional depends upon the contract of the parties. In *Choate* v. *Stevens*, 116 Mich. 28 (74 N. W. 289, 43 L. R. A. 277), and in *Coeling* v. *Green*, 163 Mich. 27 (127 N. W. 792), this court found from the terms

of the agreements that the sales were absolute and not conditional. These cases illustrate the rule stated in *Chicago Railway Equipment Co.* v. *Merchants' Bank,* 136 U. S. 268, 280 (10 Sup. Ct. 999, 1002), that:

"The fact that, by agreement, the title is to remain, in the vendor of personal property until the notes for the price are paid, does not necessarily import that the transaction was a conditional sale."

See, also, *Harkness* v. *Russell,* 118 U. S. 663 (7 Sup. Ct. 51).

That a transfer of personal property may be a bailment, although cash is paid and notes taken for deferred payments, is well settled. See *Thirlby* v. *Rainbow,* 93 Mich. 164 (53 N. W. 159), which refers to several earlier decisions; *Dewes Brewery Co.* v. *Merritt,* 82 Mich. 198, 202 (46 N. W. 379, 9 L. R. A. 270). Whether the condition here amounts to an absolute reservation of title in the vendor, or a retention of title by way of security merely, and whether, whatever right was reserved, title to the car passed to the vendee upon the sale of the notes, are questions which may be considered together. An examination of our own and of the decisions of other courts leads to the conclusion that they sustain, in the main, two propositions: *First,* that when the absolute title is reserved, retention thereof by the vendor is inconsistent with an action to recover the debt; *second,* that if the contract of the parties imports that title is retained as security merely, and the vendor is given the right to reclaim and resell the *res,* the taking and holding of additional security and the enforcement of statutory liens are not inconsistent with the reservation. The condition here is not alone a reservation of title, but evidences the intention to permit the retaking of the thing sold, sell it, and recover any balance of the purchase price which may be unpaid; a reten-

tion of title by way of security only. *Myres* v. *Yaple,* 60 Mich. 339 (27 N. W. 536); *Pettyplace* v. *Manufacturing Co.,* 103 Mich. 155 (61 N. W. 266); *Warner Elevator Manfg. Co.* v. *Building & Loan Ass'n,* 127 Mich. 323 (86 N. W. 828, 89 Am. St. Rep. 473). And see, generally, *Kendrick* v. *Beard,* 81 Mich. 182 (45 N. W. 837); *Tufts* v. *D'Arcambal,* 85 Mich. 185 (48 N. W. 497, 12 L. R. A. 446, 24 Am. St. Rep. 79); *Ryan* v. *Wayson,* 108 Mich. 519 (66 N. W. 370); *Perkins* v. *Grobben,* 116 Mich. 172 (74 N. W. 469, 39 L. R. A. 815, 72 Am. St. Rep. 512); *McBryan* v. *Elevator Co.,* 130 Mich. 111 (89 N. W. 683, 97 Am. St. Rep. 453); *Van Den Bosch* v. *Bouwman,* 138 Mich. 624 (101 N. W. 832, 110 Am. St. Rep. 336); *Detroit Trust Co.* v. *Machinery Co.,* 177 Mich. 156 (142 N. W. 1090), and cases cited.

In *Button* v. *Trader,* 75 Mich. 295 (42 N. W. 834), this court found an election of inconsistent remedies had been made, when the vendor sued and recovered for the debt, instead of retaking the property. To the same effect is *Winton Motor Carriage Co.* v. *Automobile Co.,* 65 Wash. 650 (118 Pac. 817, 37 L. R. A. [N. S.] 71), where it is said:

"What intention will the law impute to appellant by thus transferring this note?"

And the answer given being that, as it was transferred as collateral security to a loan made by the bank to appellant, its only value to the bank was like that of any other piece of negotiable paper, it is said, further:

"Some effort is made to distinguish between the effect of the assignment of this note as collateral security and an assignment of a note upon sale thereof."

It is held that no such distinction can be made, because to do so would be to take away from the note in the hands of the bank the very quality which it was intended to possess by the transfer to the bank,

to wit, the quality of an absolute debt obligation, and that the subsequent taking up of the note by the vendor did not effect a retransfer of title to the property sold to the vendor, because it had already passed to the vendee. It is further said, after a review of decisions:

"Thus is emphasized the importance of keeping in mind the fact that the sale contract did not create a lien, but that it reserved an absolute title in the seller which was as absolutely to pass to the purchaser upon certain conditions. There is not the slightest question of security for a debt here involved."

When by the terms of the agreement title was to remain in the vendor until the purchase price, and any judgment rendered thereon should be paid in full, taking the judgment was held not to pass title. *Fuller* v. *Byrne*, 102 Mich. 461 (60 N. W. 980). And in *Pettyplace* v. *Manufacturing Co., supra*, it was held that the reservation of title is not avoided or lost by the vendor accepting additional security for the debt. In *Warner Elevator Manfg. Co.* v. *Building & Loan Ass'n, supra*, it was held that the retention of title to chattels (an elevator) until payment of the purchase price was not inconsistent with the right of the seller to a mechanic's lien against the property to which the chattels were attached. In this latter case the court speaks of the retention of the title as creating a lien, and of the right thereby evidenced as a reserved lien, but also sustained the proposition that the enforcement of a statutory lien does not necessarily imply that the debtor has acquired absolute title to the materials against which the lien is asserted. In *Myres* v. *Yaple, supra*, a buggy was sold, and it was stipulated that the title to the property sold should remain in the vendor until the note given therefor was fully paid; the stipulation being in the note. Plaintiff signed the note as surety. The vendee returned the buggy to the vendors, and by agreement

the vendors resold it, took a note from the purchaser for the purchase price, retaining title, credited the amount thereof on the original note, and demanded pay for the balance. The plaintiff, the surety, who did not consent to the transfer of the buggy, paid the balance, and demanded the buggy of the second purchaser, who knew about the original note, and who had, because he knew about it, refused to buy it from the original purchaser. In the resulting action of replevin it was contended that plaintiff got no title to the buggy by purchasing or paying the note. It was said (60 Mich. 344, 345 [27 N. W. 538]) :

"Before the payment of the balance of this note or contract by the plaintiff, we have the ordinary case of a creditor [Bailey & Cahill] holding security for the payment of the debt of the principal debtor [Hulbert], to wit, the contract retaining title to the buggy, and also the further security of Myres as surety.

"Now, as between Bailey & Cahill and Myres, when the plaintiff, as such surety, was obliged to pay, and did pay, the debt of the principal, an equity arose in his favor, by which he was entitled to have all the securities which Bailey & Cahill held against the person or property of Hulbert transferred to him, and to enforce such securities as fully as Bailey & Cahill could have done; and, for the purpose of obtaining indemnity from the principal, he must be considered as at once subrogated to all the rights, remedies, and securities of the original creditors.   *   *   *

"When Hulbert consented that the possession and contingent title to the buggy might pass to the defendant, instead of to himself, and it was delivered to defendant, Yaple knew of the existence of the original contract, and the shape it was in, and that Myres was surety upon it. Bailey & Cahill did not cancel this original undertaking and contract as to the title or security. No change whatever was made in it, except the indorsement of the $50 upon it. The title remained in Bailey & Cahill, and was in them at the time Myres paid the balance upon the contract.

"Upon the payment of such balance the plaintiff became entitled to, and received, the security held by

Bailey & Cahill, which was the legal title to the possession of the buggy. In default of payment of the balance he paid, and which he demanded before suit of the defendant, he was entitled to the possession of the buggy.

"The plaintiff's equities are superior to the defendant's, because they are prior in time, and also because the defendant can occupy no more favorable position than Hulbert, who was really his vendor; and he had full notice of Myres' position as surety, and the terms of the contract, when he gave his note for the buggy. As he is also insolvent, and has paid no money, there will be no great hardship in his relinquishing the buggy if he cannot pay plaintiff's just lien upon the property."

The idea of a lien reserved by the vendor is not out of harmony with the idea of an assignment of the lien, with the assignment, or sale, of the notes; a passing of the security as a right appertaining to the choses in action. It is reasonable, therefore, to say, and the conclusion is abundantly supported by authority, that whoever held one of the notes as owner possessed also the right, upon default in payment of the note, to possession of the car. What plaintiff will do with the car we cannot know. Treating the sale of each note as an assignment *pro tanto* of the security, it is to be presumed that he will not invade any right of the holder of the other note. But I think the defendant was not entitled, as against either note holder, to retain possession of the car. As to him it can be sold but once, and the sum received applied upon his debt.

I am also of opinion that, upon defendant's refusal to pay the note held by plaintiff, the statement by the plaintiff that he must then take the car was a sufficient demand by a security holder entitled to possession of the property subject to the lien.

The judgment is affirmed.

BROOKE, C. J., and McALVAY, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.