

William E. Hoffer, and Arthur Bryant, Franklin, for plaintiffs in error.

Scharrer, Scharrer, McCarthy & Hanaghan, Dayton, for defendants in error.

King, Flynn & Frohman, Sandusky, for plaintiff in error.

John F. McCrystal, Sandusky, for defendant in error.

· For full opinion see 5 OO 481; 51 Oh Ap 528.

### BOLINGER et v
### NATIONAL CASH REGISTER CO

Ohio Appeals, 2nd Dist, Montgomery Co

No 1333.  Decided Feb 14, 1936

**OPINION**

By HORNBECK, J.

The question for our consideration is, did the taking of judgment in the J. P. Court by the vendor against the vendee for the balance due on the note for the purchase price of the cash register, the issuance of execution out of said court upon which no levy was made, constitute an election of a remedy inconsistent with the present suit to enforce an equitable lien.

We have here a special conditional sales contract under which the total balance due was unpaid when judgment was taken. Under the ordinary sales contract, namely, where the rights of the parties are not made the subject of special terms to the contrary, the seller upon default by the buyer, in payment of the purchase price, may (1) retake the property; (2) sue for the purchase price; (3) foreclose his lien. By the express terms of the contract in this case the buyer agreed that the "regis-

ter shall remain your (the seller's) property until the price, or any judgment for same, is paid in full." So that unless the contract is against public policy or prohibited by law the taking of judgment on the note was not inconsistent with the status of title in the vendor but strictly in accord with the agreement of the parties. We know of no bar to the making of such a contract and therefore perceive no reason why it should not be enforced.

Execution was issued to the constable out of the Court of the Justice of the Peace for the purpose of making a levy upon the goods and chattels of Bolinger. Had the constable levied upon chattels of Bolinger and disregarded the register, such action would have been consistent with the terms of the execution, but, when and if he seized the register and subjected it to his possession under the writ, then and not until then was the action such as to bind the vendor to an election to treat the title to the register as in the vendee, Bolinger. The vendor having in effect done no more than to take a judgment on its note could avail itself of the remedy of foreclosure of its lien. **Parker Appliance Co. v Co-operative Machines Company, 110 Oh St, 255.** Inasmuch as the action of the vendor in the Court of the Justice of the Peace was not inconsistent with its retention of title under the conditional sales contract, Groff received no paramount right or title to the register under the transfer to him from Bolinger.

We have examined the one Ohio case germane to our immediate question, **Meredith v Albright, 58 Oh St, 194.** We do not have a copy of the conditional sales contract which the Supreme Court considered in the Meredith v Albright case and, therefore, can not say whether or not it had the language found in the contract in this case. There the vendor not only took judgment for the balance due on the purchase price issued execution thereon, but caused a levy to be made and possession to be taken of the cash register. The court definitely grounds its determination that the vendor had elected to treat the property as that of the vendee from the combination of several facts, namely, no purpose of the vendor to take the register under its conditional sale, the taking of judgment for unpaid installments of purchase price, and the seizure upon execution of the property which was the subject of the sale. The part which the seizure of the property in execution played in the decision of the court is manifest in the 3rd syllabus, wherein it is said::

"If, instead of such course (the rejecting of the goods by the vendor) the vendor recovers judgment at law upon the unpaid installments of purchase money, and causes the goods to be seized in execution, such seizure will be regarded as an election to treat his property as belonging to the purchaser."

There is nothing in the opinion or in the syllabus to indicate that the court meant to hold that any procedure which the vendor adopted until seizure of the property upon execution constituted an election to treat the property as that of the buyer.

We recognize that courts of many states in construing conditional sales contracts have held that a judgment taken for the full amount due on the purchase price is an election to treat the property sold as in the vendee and a waiver by the vendor of any right either to take the property under the conditional sales contract or to enforce its equitable lien. There are, however, many decisions contra and there has been a definite trend in authority to recognize terms in conditional sales agreements expressly defining the rights of vendors though in derogation of their rights at common law.

We will not undertake to cite authorities at length, but they may be found collated in the annotations in 12 A.L.R., 503; 37 A. L.R., 91; 83 A.L.R., 959. Much of the contrariety of opinion results from the difference in the language of the contracts under which the parties transacted their sales.

In Fuller et v Byrne, 102 Mich. 461, and Forbes Piano Co. v Wilson, 144 Ala. 586, the courts had under consideration contracts of sale with provisos as to the passing of title identical with the terms of the conditional sale in the instant case. In both of these cases the courts held that the taking of judgments against the vendees did not release the lien on the property nor pass title thereto to the vendee. Other cases with similar holdings but predicated upon somewhat different language, are Sanitary Scale Co. v Ryser, 262 Ill. App., 657; Re Steiners Improved Dye Works, 44 Fed. (2nd) 557; Canadian Typograph Co. Limited v MacGurn (Mich.), 78 NW 542; American Box Machine Co. v Zeutgraf, 45 App. Div., 522 N. Y.

Although it has not been urged, we are of opinion that the rights of the parties in the contract here under consideration are defined and controlled by our uniform sales act as the contract or action thus far taken thereunder is not in conflict with our conditional sales act. Conditional sales are expressly comprehended in §8381(3) GC; the intention of the parties will be ascertained by the terms of the contract, property sold will be transferred to the buyer when the parties intend it to be transferred, which intention shall be determined in part by the terms of the contract, §8398 GC; and any right, duty, or liability arising under a contract to sell * * * may be negatived by express agreement, §8451 GC; and reservation may be made by contract of the right of property in the goods sold until certain conditions have been fulfilled, §8400, GC.

It is our conclusion that the judgment of the trial court should be affirmed and it will be so ordered.

BARNES, PJ, and BODEY, J, concur.