ECONOMY SAVINGS & LOAN CO., APPELLEE, *v.*
LINDSEY, APPELLANT, ET AL.

(No. 5015—Decided February 23, 1954.)

*Mr. Elwood L. Carpenter,* for appellee.
*Mr. Isadore L. Margulis,* for appellant.

WISEMAN, P. J.  This is an appeal on questions of law from a judgment of the Municipal Court of Columbus in an action for the foreclosure of a chattel mortgage.

The defendant, Lindsey, appellant herein, assigns as error that the court erred in overruling defendant's motion for judgment on the pleadings; in permitting plaintiff to file a reply; that the judgment is contrary to law; and that the evidence did not show the real party in interest.

The first and third assignments of error raise the principal question in the case:  Did the plaintiff waive its right to foreclose the chattel mortgage and was its lien extinguished by taking a judgment on the note in a prior suit and levying execution on the same chattels as were covered by the mortgage?

In the suit on the note, à levy was made but no order of sale was issued.  Appellant contends that by taking judgment on the note and levying execution, the plain-

tiff extinguished its lien, and cites in support, *Albright* v. *Meredith,* 58 Ohio St., 194, 50 N. E., 719; *Bolinger* v. *National Cash Register Co.,* 52 Ohio App., 217, 3 N. E. (2d), 640; and *State, ex rel. Armstrong,* v. *Lacy,* 18 C. C., 379, 10 C. D., 111. These cases have no application to the issue raised in the instant case.

The applicable principle of law was stated in *Green* v. *Bass,* 83 Ohio St., 378, 94 N. E., 742, Ann. Cas. 1912A, 828, although the factual situation was slightly different. The syllabus of the *Green case* is as follows:

"The owner of a senior chattel mortgage does not, by recovering a judgment on the note which it secures and causing execution to be levied on the chattels mortgaged, waive the priority of his lien. (*Frost* v. *Shaw,* 3 Ohio St., 270, approved and followed.)"

On page 384, the court said:

"That the note became merged in the judgment which was a higher form of the same debt is clear enough upon both principle and authority. But it is not made to appear how it could affect the lien of the mortgage, which, according to the established view in this state, is only a security for the debt. Why should not that which was a security before the recovery of judgment be a security after it? Plaintiff did not, in any way, change his position in consequence of the recovery of that judgment, nor was he, in any way, affected by it. No reason appears why the case should not be governed by the general rule that a security continues until the discharge of the obligation."

In 17 Ohio Jurisprudence, 1147, Section 777, the text reads in part:

"That a chattel mortgagee may, instead of pursuing his remedy to foreclose the chattel mortgage, bring an action on the secured debt, reduce such debt to judgment and levy execution on the mortgaged property has been recognized by a number of Ohio cases."

Section 778, *ibid.,* reads in part:

"It is a general rule that an independent action on the mortgage debt by a chattel mortgagee, and the levy of execution on the property secured, do not waive the mortgage lien, or the priority of such lien, although the debt may have become merged in the judgment."

See, also, 2 Jones on Chattel Mortgages and Conditional Sales (Bowers Ed.), 533, Section 758.

We conclude that the former action did not operate to extinguish the chattel mortgage lien.

Appellant contends the court erred by permitting plaintiff to file a reply out of rule. This matter rests within the sound discretion of the trial court. There is some question whether a reply was necessary in view of the answer. Plaintiff was not required to controvert a conclusion of law. The reply as it appears in the record is sworn to and regular.

The fourth assignment of error was disposed of by stipulation agreed to by counsel.

We find no assignment of error well made.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.